<div style="margin-right:0">ACHAUD<br>v.<br>HIS WIFE.</div>

---

## J. B. C. GAZZO *v.* S. BAUDOIN.

A plea of partial payment after maturity, made by the drawer of a bill, without further qualifica-
tion, creates, in the absence of other evidence, the presumption that the bill had been presented,
and notice of non-payment given to the drawer, or that he had no funds in the hands of the
drawee.

APPEAL from the District Court of the Parish of Lafourche Interior, *Cole*, J.
   *Hall & Bush*, for plaintiff.   *Belcher*, for defendant and appellant.

SLIDELL, C. J.   It is an embarrassing task to apply legal principles to plead-
ings and proceedings, so loose and anomalous as are presented in this cause.
But on the whole, we are not prepared to say, the judgment was erroneous;
for the defendant pleaded a partial payment of the bills after maturity, without
alleging or showing that the payment, which was admitted at the trial, was

GAZZO
v.
BAUDOIN.

made with any qualification at the time of payment. In the absence of contrary evidence, it may be inferred from this payment by the drawer after maturity, that the bill had been presented and notice of non-payment had been given, or that the drawer had no funds in the hands of the drawee, or was otherwise without defence. We have here the simple fact of a partial payment by the drawer after maturity, without any evidence of antecedent *laches*.

Judgment affirmed, with costs.